97 F.3d 1465
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard Lynn MORELAND, Plaintiff-Appellant,
v.
Lynn EVANS, Jailer, Otero County Jail, acting in his
individual capacity; Norman Mick, Administrator, Otero
County Jail, acting in his individual capacity; Arthur
Grammont, Jailer, acting in his individual capacity,
Defendants-Appellees.
 No. 94-2248.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1996.
 
 Before BRORBY, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging defendants violated several of his constitutional rights while he was incarcerated, primarily as a pretrial detainee, at the Otero County Jail in New Mexico. Specifically, he alleged that (1) the conditions of his confinement and the denial of necessary medical care violated his due process rights; (2) his mistreatment by defendants violated his equal protection rights; and (3) defendants' interference with his mail addressed to government agencies violated his right to freedom of expression. The district court granted summary judgment in favor of defendants, and plaintiff appeals.[1] We have jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 We review a grant of summary judgment de novo. Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir.1990). Summary judgment is proper only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We have fully considered plaintiff's arguments and reviewed the record, and we agree with the district court that plaintiff has not raised any material factual issues and that defendants were entitled to judgment as a matter of law.[2] Therefore, for substantially the same reasons as stated in the district court's August 15, 1994 order, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 In its order granting summary judgment to defendants, the district court also denied plaintiff's requests for amended relief and for leave to amend his first amended complaint. Plaintiff does not challenge the court's denial of these requests on appeal
 
 
 [2]
 To the extent that plaintiff's complaint alleged that his mistreatment at the jail forced him to plead guilty to the charges for which he was being detained and thus made his guilty plea involuntary, we note that plaintiff cannot raise such a claim in a § 1983 action until his conviction is reversed or set aside. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2372 (1994)